**RAYTHEON COMPANY, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 09–306C.**

United States Court of Federal Claims.

Filed: July 18, 2012.

Reissued: July 26, 2012.

Paul E. Pompeo, Arnold & Porter, LLP, Washington, DC, for plaintiff.

John Hugh Roberson, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for defendant.

## ORDER AND OPINION

HODGES, Judge.

We ruled in this case that a contracting officer's final decision was barred by the statute of limitations where it was issued more than six years after the Government's claim accrued in 1999. *See Raytheon Co. v. United States*, 104 Fed.Cl. 327 (2012). Defendant filed a motion for reconsideration, contending that a statute of limitations does not begin to run against the United States until a right granted by FAR to audit plaintiff's claim is completed, citing 48 C.F.R. § 31.201–2.[1]

Reconsideration is appropriate only in "extraordinary circumstances." *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. 298, 300 (1999). The moving party must show an intervening change in controlling law, previously unavailable evidence, or manifest injustice. *Id.* at 301. Defendant argues in support of its motion for reconsideration that the court's Opinion contained "manifest error(s) of law or mistake of fact," citing *Holland v. United States*, 75 Fed.Cl. 492, 494 (2007). For example, defendant argues that the court erred in stating that the Government needed no new information to determine the nature of its claim after signing a 1999 advance agreement with Raytheon. An audit is necessary for the Government to have "knowledge" of a claim for purposes of the statute of limitations, according to defendant. *See* 48 C.F.R. § 33.201 (defining claim accrual for government contracts as "the date when all events" fixing liability and permitting assertion of a claim "were known or should have been known").

Defendant provided work papers and recent deposition testimony to show that evidence new to the Government was available or took place in 2003, well after the statute of

---

1. This is the section of the Federal Acquisition Regulations cited by defendant to support its contention that a statute of limitations does not begin to run against the United States if an audit authorized or directed by FAR has not been completed. This section of FAR cost accounting standards does not mention audits at all, unless defendant meant to suggest that its requirement that a contractor maintain records to support the allowability of its costs requires an audit by implication.

limitations began to run in this case. This argument, and most of defendant's presentation during a hearing on its motion for reconsideration, was aimed at the court's finding that defendant needed no new information after 1999 to determine the nature of its claim. Defendant argued vigorously that the court's statement in the Opinion was wrong, pointing to the 2003 material it has found.[2] That effort misses the point entirely, however. We have not ruled on the nature of the 2003 material, or even considered its significance, if any. The more important issue is whether sufficient information necessary to defendant's determination of the nature of its claim was available in 1999.[3]

■ This court ruled that the statute of limitations begins to run when information that equates to knowledge of a potential claim becomes available to the Government; defendant urges that only completion of an audit of plaintiff's claim can provide it sufficient evidence and proof of facts necessary for a trial of the claim—the statute of limitations begins to run then. In this case, information defendant obtained in 1999 put it on notice of a potential claim against Raytheon. Then, defendant had a basis for seeking more information to support the claim, and it did so.

■ Defendant also argues that the court erred in disregarding its allegations that the 2004 agreement between the parties was a result of mutual mistake, unilateral mistake, or material misrepresentation. Defendant made these allegations in response to plaintiff's claim of accord and satisfaction arising from the same 2004 agreement. Having ruled that the court lacked jurisdiction to hear the contracting officer's decision in the form of a counterclaim because the statute of limitations had run, we could not consider

issues raised by later pleadings of either party.

The Government does not establish an intervening change in controlling law, previously unavailable evidence, or manifest injustice. Defendant's motion for reconsideration is DENIED. No costs.

---

2. The 2003–2004 audit and agreement were completed within the statute of limitations applicable to this case.

3. Defendant asserted at the hearing yesterday that recent depositions informed its legal team of developments that occurred in 2003. It has not shown that the Government needed additional information in 1999 to determine the nature of its claim.

